**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

XUEQIN ZHANG,

Petitioner,

v. No. 2:26-cv-02033-MLG-JFR

Mary De Anda-Ybarra, in her official capacity as Director of U.S. Immigration and Customs Enforcement and Removal Operations, El Paso Field Office; Markwayne Mullin, in his official capacity as Secretary of Homeland Security; Todd Blanche, in his official capacity as Acting Attorney General of the United States; and Dora Castro, in her official capacity as Warden of the Otero County Processing Center,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Federal Respondents' Notice of Removal, Doc. 13, indicating that Petitioner Xueqin Zhang was deported to China on November 11, 2026. *Id.* at 1. Accordingly, it appears that Zhang's petition for writ of habeas corpus, Doc. 1—which sought her release from detention at the Otero County Processing Center—is moot. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)).

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). But Zhang does not allege any collateral consequences, and

given that Zhang was deported, not simply released from federal immigration authorities' custody, it does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA